RAFAEL M. GONZALEZ
UNITED STATES ATTORNEY
**JAMES P. SCHAEFER, CA STATE BAR NO. 250417**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, ID 83702
TELEPHONE: (208) 334-1211
FACSIMILE:   (208) 334-9375
Email: James.Schaefer@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFF C. VOGT,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff United States of America (United States) brings this Complaint against Jeff C. Vogt (Vogt), and alleges as follows:

### INTRODUCTION

1. The United States brings this action against Vogt to recover treble damages and civil penalties under the False Claims Act (FCA), as amended 31 U.S.C. §§ 3729, *et seq*. The United States also brings federal common law claims against Vogt for fraud, unjust enrichment, and payment by mistake.

2. This action arises from Vogt presenting a false and fraudulent application to the United States Department of Agriculture (USDA) for federal funds under the Corona Virus Food

**COMPLAINT - 1**

Assistance Program (CFAP).

3. To obtain $250,000 in CFAP funds, Vogt claimed in his CFAP application that he produced 22,480,000 pounds of dry onions that were shipped but not sold between January 15, 2020 and April 15, 2020.

4. On information and belief, this claim was knowingly false because Vogt had not produced dry onions, much less 22,480,000 pounds of dry onions as claimed in his CFAP application.

5. USDA would not have approved Vogt's CFAP application—much less paid Vogt $250,000—had it known the truth, *i.e.*, that Vogt had not produced the onions claimed in his CFAP application.

## PARTIES

6. Plaintiff United States of America, acting through USDA and the Farm Service Agency (FSA), administered the CFAP program.

7. At all times relevant to this Complaint, Defendant Jeff C. Vogt resided in Idaho.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1345, and 31 U.S.C. §§ 3729, 3730(a), and 3732.

9. This Court has supplemental jurisdiction to entertain federal common law and equitable causes of action pursuant to 28 U.S.C. § 1367(a).

10. This Court has personal jurisdiction over Vogt pursuant to 31 U.S.C. § 3732(a), and because he resides in this District.

**COMPLAINT - 2**

11.     Venue is proper in the District of Idaho pursuant to 28 U.S.C. § 1391(b)(2) and 31 U.S.C. § 3732, as a substantial part of the events giving rise to the claims described herein occurred in the District of Idaho.

## BACKGROUND

### The False Claims Act

12.     The FCA is the United States' primary civil litigation tool against fraud perpetrated by those who wrongfully obtain monies from federally-funded programs.  Consistent with the congressional purpose underlying the FCA, the Supreme Court has noted that the FCA must be interpreted broadly so as to apply to all those who receive government monies to which they are not entitled.  *See United States v. Niefert-White Co.*, 390 U.S. 228, 232 (1968).

13.     The FCA provides that a person is liable to the United States Government for three times the amount of damages the Government sustains because of the acts of that person, plus a civil penalty, for each instance in which the person "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval."   31 U.S.C. § 3729(a)(1)(A).

14.     The FCA also provides that a person is liable to the United States Government for three times the amount of damages that the Government sustains because of the acts of that person, plus a civil penalty, for each instance in which the person "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B).

15.     The FCA defines "knowing" and "knowingly" as having actual knowledge that the information is false, or acting with a deliberate ignorance of, or reckless disregard for, the truth or falsity of the information.  31 U.S.C. § 3729(b)(1).  The FCA does not require proof of specific intent to defraud.  *Id*.

**COMPLAINT - 3**

### The Coronavirus Food Assistance Program (CFAP)

16.  The Coronavirus Aid, Relief, and Economic Security Act (CARES) included federal funds for direct support to farmers and ranchers to offset losses incurred due to lost demand and short-term oversupply caused by COVID-19.

17.  Under CARES and its existing authority, USDA implemented the Coronavirus Food Assistance Program (CFAP) to distribute these funds to eligible farmers and ranchers.

18.  CFAP funds were distributed in two phases, CFAP-1 and CFAP-2.

19.  Under CFAP-1, eligible farmers received varying amounts of money depending on the crop that they raised and whether the crop was sold or was shipped but not sold.

20.  Under CFAP-1, eligible farmers received five cents per pound of dry onions that were shipped but not sold between January 15, 2020 and April 15, 2020.

21.  CFAP-1 funds were capped at $250,000 per individual farmer.

22.  CFAP-1 was run on an honor system.  When farmers submitted their CFAP-1 applications, they were not required to submit proof that they produced the crop(s) claimed in their CFAP-1 applications.  However, when applying for CFAP-1 funds, farmers agreed both to maintain such proof and to provide it to USDA upon request.

### STATEMENT OF FACTS

23.  On or about June 8, 2020, Vogt completed, signed, and presented a CFAP-1 application to USDA.  Therein, Vogt certified that he had produced 22,480,000 pounds of dry onions that were shipped but not sold between January 15, 2020 and April 15, 2020.

**COMPLAINT - 4**

24.     When Vogt submitted his CFAP-1 application, he was advised that it was subject to a spot-check by USDA. Vogt also agreed to maintain and produce upon request records substantiating the crop production claimed in his CFAP-1 application.

25.     On June 16, 2020, Vogt's CFAP-1 application was approved; USDA subsequently paid Vogt $250,000 in CFAP-1 funds.

26.     On November 6, 2020, USDA sent Vogt a spot-check letter requesting that he provide records substantiating that he produced the onions claimed in his CFAP-1 application. The letter specified that Vogt was required to provide the requested records within fourteen days and that acceptable records included:

| Commodity | Source of Production Evidence |
|---|---|
| Non-Specialty, Specialty, | <ul><li>sales receipts</li><li>other sales documents indicating when a commodity was forward priced</li><li>ledgers of income</li><li>income statements of deposit slips</li><li>register tapes</li><li>invoices for custom harvesting</li><li>records to verify production costs</li><li>contemporaneous measurements</li><li>truck scale tickets</li></ul> |

27.     On November 19, 2020, Vogt acknowledged receipt of the USDA's spot-check letter and stated that he would provide proof of production the following week. Vogt failed, however, to provide the requested proof of production.

28.     USDA searched its files for records (e.g., crop reports, farm operating plans) indicating that Vogt produced onions, but was not able to locate any such record.

29.     Concerned that Vogt's CFAP-1 application was false, USDA referred the matter to the United States Attorney's Office for the District of Idaho.

**COMPLAINT - 5**

30. On September 20 and 21, 2021, the United States attempted to serve a Civil Investigative Demand (CID) on Vogt. Vogt was, however, able to evade service by misleading the United States as to his location.

31. On September 23, 2021, after learning Vogt was on probation for a misdemeanor, the United States was able to serve a CID on Vogt at a scheduled probation visit. The CID sought both records substantiating that Vogt produced the onions claimed in his CFAP-1 application and a deposition, which was scheduled for October 14, 2020.

32. Vogt failed to produce any records in response to the CID.

33. On October 14, 2020, Vogt appeared for his scheduled CID deposition. Vogt requested that the CID deposition be rescheduled because he had retained an attorney and wanted that attorney present. The United States agreed to postpone the deposition. The United States subsequently learned that Vogt's representation that he had retained an attorney was false. Vogt has not responded to attempts to reschedule his CID deposition.

34. Based on Vogt's failure to produce records substantiating that he produced the onions claimed in his CFAP-1 application, efforts to evade service of the CID, dishonesty in obtaining a postponement of his CID deposition, and the absence of any record in the USDA's files of Vogt farming onions, the United States alleges, on information and belief, that Vogt's CFAP-1 application was knowingly false. Specifically, the United States alleges that Vogt's CFAP-1 application was knowingly false because Vogt knew he had not produced the onions claimed therein.

35. USDA relied on Vogt's representation that he produced the onions claimed in his CFAP-1 application.

**COMPLAINT - 6**

36. USDA would not have approved Vogt's CFAP-1 application had it known the truth, *i.e.*, that Vogt did not produce the onions claimed in his CFAP-1 application.

37. USDA would not have paid Vogt $250,000 in CFAP-1 funds had it known the truth, *i.e.*, that Vogt did not produce the onions claimed in his CFAP-1 application.

### FIRST CAUSE OF ACTION
### (False Claims Act: Presentation of False Claims)

38. The United States incorporates all previous paragraphs as if fully set forth herein.

39. Through the acts described above, Vogt knowingly presented, or caused to be presented, to an officer or employee of the United States, a false or fraudulent claim in violation of the FCA, 31 U.S.C. § 3729(a)(1)(A). Specifically, Vogt knowingly presented, or caused to be presented, a false and fraudulent CFAP-1 application to USDA.

40. By virtue of the false or fraudulent claim presented, or caused to be presented, by Vogt, the United States sustained damages in the amount of $250,000, and, therefore, is entitled to treble damages under the FCA in the amount of $750,000, plus a civil penalty of $11,665 to $23,331.

### SECOND CAUSE OF ACTION
### (False Claims Act: Making or Using False Record of Statement)

41. The United States incorporates all previous paragraphs as if fully set forth herein.

42. Through the acts described above, Vogt knowingly made, used, or caused to be made or used a false record and statement material to false or fraudulent claim in violation of 31 U.S.C. § 3729(a)(1)(B), including a CFAP-1 application that falsely claimed Vogt produced 22,480,000 pounds of onions that were shipped but not sold between January 15, 2020 and April 15, 2020.

43. Vogt knowingly made, used, or caused to be made or used, this false record and statement to get his false and fraudulent claim for CFAP-1 funds paid by the United States.

**COMPLAINT - 7**

44.     This false record and statement are material because the United States would not have paid CFAP-1 funds to Vogt had it known that Vogt had not produced the onions claimed in his CFAP-1 application.

45.     By virtue of the false record and statement that Vogt made, used, or caused to be made or used, to get his false claim for CFAP-1 funds paid, the United States of America sustained damages in the amount of $250,000, and, therefore, is entitled to treble damages under the FCA in the amount of $750,000, plus a civil penalty of $11,665 to $23,331.

### THIRD CAUSE OF ACTION
### (Common Law Fraud)

46.     The United States incorporates all previous paragraphs as if fully set forth herein.

47.     Vogt engaged in conduct designed to deceive USDA as to his eligibility to receive CFAP-1 funds.

48.     Vogt did so to personally obtain $250,000 in CFAP-1 funds that he was not entitled to receive.

49.     Vogt knowingly and intentionally made a false and fraudulent statement to USDA.  Specifically, Vogt falsely and fraudulently claimed in his CFAP- application that he produced 22,480,000 pounds of onions that were shipped but not sold between January 15, 2020 and April 15, 2020.

50.     Vogt's false and fraudulent statement regarding his onion production was material to the USDA's decision to approve Vogt's CFAP-1 application.  USDA would not and could not have approved Vogt's CFAP-1 application had it known that Vogt had not produced the onions claimed therein.

51.     Vogt intended that USDA would approve his CFAP-1 application based on his false and fraudulent statement that he produced the onions claimed therein.

**COMPLAINT - 8**

52. USDA was not aware when it approved Vogt's CFAP-1 application that Vogt's claim that he produced 22,480,000 pounds of onions was false and fraudulent.

53. USDA reasonably relied upon Vogt's false and fraudulent statement regarding his onion production when it approved Vogt's CFAP-1 application and paid Vogt $250,000 in CFAP-1 funds.

54. USDA was entitled to rely upon Vogt's false and fraudulent statement regarding his onion production.

55. As a result of Vogt's false and fraudulent statement, the United States was damaged and is entitled to recover those damages.

### FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

56. The United States incorporates all previous paragraphs as if fully set forth herein.

57. As a result of Vogt's false and fraudulent CFAP-1 application, Vogt obtained $250,000 in CFAP-1 funds that he was not entitled to receive.

58. Vogt has therefore been unjustly enriched and the United States has been damaged.

59. Vogt is therefore liable to account for the CFAP-1 funds he received and pay restitution to the United States in the amount of $250,000.

### FIFTH CAUSE OF ACTION
### (Payment by Mistake)

60. The United States incorporates all previous paragraphs as if fully set forth herein.

61. This is a federal common law claim by the United States to recover money that USDA paid by mistake based Vogt's false claim that he produced 22,480,000 pounds of onions.

**COMPLAINT - 9**

62. Based on Vogt's conduct, USDA mistakenly or erroneously paid $250,000 in CFAP-1 funds to Vogt, which sum, under the circumstances, in equity and good conscience, should be returned to the United States. Vogt benefitted from the mistaken payments.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter judgment in its favor and against Vogt granting the United States the following:

1. As to the First and Second Causes of Action (False Claims Act), the amount of the United States' damages, *i.e.*, $250,000, trebled as required by law, plus such civil penalties as are required by law;

2. As to the Third Cause of Action (Common Law Fraud), the amount of the United States' damages, *i.e.*, $250,000;

3. As to the Fourth Cause of Action (Unjust Enrichment), an accounting and the amount by which Vogt was unjustly enriched, *i.e.*, $250,000;

4. As to the Fifth Cause of Action (Payment by Mistake), an amount equal to the money paid by the United States to Vogt under CFAP-1, *i.e.*, $250,000; and

5. Such other relief as this Court may deem just and proper, together with interest, costs, fees, and expenses of this action.

DATED this 20th day of January 2022.

RAFAEL M. GONZALEZ
UNITED STATES ATTORNEY
By:

*/s/ James P. Schaefer*
JAMES P. SCHAEFER
Assistant United States Attorney

**COMPLAINT - 10**